[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 29, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-13332
Non-Argument Calendar

_____

D. C. Docket Nos. 03-21088-CV-KMM
95-00896-CR-KMM

CHARLES MILLER,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 29, 2005)

Before TJOFLAT, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

On December 4, 2001, in United States v. Miller, 281 F. 3d 1285 (11th Cir.

2001) (table), we affirmed appellant's conviction for conspiracy to import into the United States more than five kilograms of a substance containing a detectable amount of cocaine. On April 30, 2003, appellant moved the district court pursuant to 28 U.S.C. § 2255 to vacate his conviction on fifteen claims of ineffective assistance on the part of court-appointed trial and appellate counsel. A magistrate judge considered these claims in the first instance and issued a report recommending that the district court deny relief. Petitioner objected to the report and recommendation. One of his objections was that the magistrate judge, in addressing his fourteenth claim, failed "to address the issue of [counsel's] acceptance of approx. $250,000 from representatives of [appellant], and the potential conflict of interest that this transaction may have precipitated."[1]

The district court adopted the magistrate judge's report and recommendation and denied appellant § 2255 relief. We granted a certificate of appealability (COA) on one issue:

Whether the district court violated Clisby v. Jones, 960

---

[1] The fourteenth claim of ineffective assistance alleged a complete breakdown in the attorney-client relationship between appellant and trial counsel which deprived him of a fair trial. Appellant supported this claim with an affidavit in which he stated that while he was awaiting trial, a fellow inmate told him to watch out for his attorney because he "doesn't fly straight." This, appellant said, heightened his "fears" because his attorney "had already convinced [him] that [he] needed to call [his] friends 'in a discreet manner,' and that they should raise $250,000 because [he] 'should know how things work in this country,' especially this town, and [o]ne only gets the best Justice that money can buy." Appellant arranged for the $250,000 payment which, he said, was made to counsel by "Mr. Desmond Ward."

2

F.2d 925, 936 (11th Cir. 1992), by failing to address appellant's claim that trial counsel accepted a $250,000 bribe from appellant, creating a possible conflict of interest.

In Clisby, we unequivocally instructed district courts to "resolve all constitutional claims presented in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [] before granting or denying relief." 960 F.2d at 927-28. We were concerned about "piecemeal litigation," and explained how judicial economy would be served by a full disposition of such claims. Id. at 935-36. Assuming that Clisby's holding applies in the § 2255 context, we find no reason to remand the case with the instruction that the district court explicitly address the $250,000 matter set out in the COA.

The magistrate judge's report to the district court addressed each of appellant's fifteen claims of ineffective assistance of counsel, including the allegations set out in the memorandum appellant submitted with his § 2255 motion. Among these allegations is the assertion—in support of the fourteenth claim— that counsel had demanded $250,000 to handle appellant's case. The district court addressed the fourteenth claim. Clisby did not require the court to comment on all of the evidence presented in support of the claim; rather, it simply directed the court to address the constitutional claim itself, see Clisby, 960 F.2d at 934-36, which is what the court did.

**AFFIRMED.**